D. CHAD ANDERTON, Bar No. 199922
CAnderton@littler.com
ERICA P. HERCZEG, Bar No. 285329
eherczeg@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
VELOCIFY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRAYTON, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VELOCIFY, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1331, 1367, 1441, & 1446]**<br><br>**(FEDERAL QUESTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JOHN BRAYTON, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Velocify, Inc. ("Defendant" or "Velocify"), hereby removes the above-entitled action brought by Plaintiff JOHN BRAYTON ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

## I.
## STATEMENT OF JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 because Plaintiff's Sixth cause of action alleges violations under a federal statute, *i.e.*, the Fair Labor Standards Act, 29 U.S.C. § 207.

2. This Court has supplemental jurisdiction over Plaintiff's remaining state law based claims under 28 U.S.C. § 1367 because they are so related to the claims within which this Court has federal question jurisdiction that they form part of the same case and controversy.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

## II.
## STATUS OF PLEADINGS, PROCESS AND ORDERS

4. On February 23, 2017, Plaintiff commenced an employment action in Los Angeles County Superior Court, entitled *John Brayton v. Velocify, Inc. and Does 1-100, inclusive*, designated as Case No. BC651563 (the "State Court Action"). Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint in the State Court Action.

5. In the Complaint, Plaintiff, a former employee of Defendant, alleges causes of action for: (1) failure to pay overtime; (2) violation of Labor Code § 226; (3)

failure to pay for rest periods not provided; (4) failure to pay for meal periods not provided; (5) waiting time penalties; (6) violation of the Fair Labor Standards Act; (7) wrongful termination in violation of public policy; (8) age discrimination; (9) failure to prevent discrimination; (10) harassment; and (11) unfair competition.

6. On March 1, 2017, Plaintiff served the following documents upon Defendant's agent for service of process: a Summons, Complaint, Civil Case Cover Sheet, and Alternative Dispute Resolution Information Package. Attached hereto as **Exhibit B** is a true and correct copy of the Summons; attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet.

7. On March 29, 2017, Defendant filed an Answer and Affirmative Defenses ("Answer") to the Complaint in the State Court Action. Attached hereto as **Exhibit D** is a true and correct copy of Defendant's Answer to the Complaint.

8. To the best of Defendant's knowledge, no further documents from the state court action have been filed by Plaintiff, nor have any other documents been filed in the state court action by Defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a) and constitute all process, pleadings, and orders served upon Defendant or filed or received in this action by Defendant.

9. As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action.

## III.

## TIMELINESS OF REMOVAL

10. This Notice of Removal is timely, in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b).

## IV.

## FEDERAL QUESTION JURISDICTION

11. The above-captioned action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. §§ 1331 and

1441. Pursuant to 28 U.S.C. § 1441(a), Defendant may remove to federal court "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Here, this Court has original jurisdiction over Plaintiff's civil action initially brought in State court because it is founded on claims arising under federal question.

12. Specifically, Plaintiff's Sixth cause of action alleges violation of the FLSA. (Compl., Ex. A, ¶¶ 43-49.)

13. Therefore, this Court has original jurisdiction over Plaintiff's Sixth cause of action because it arises under the laws of the United States of America. *See* 28 U.S.C. § 1331.

## V.

## **SUPPLEMENTAL JURISDICTION**

14. Supplemental jurisdiction exists over Plaintiff's remaining state law claims. *See* 28 U.S.C. §§ 1367, 1441(c). In any civil action in which this Court has original jurisdiction, it also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all state claims that are so related to the claims in the action within its original jurisdiction that they form part of the same controversy. Here, Plaintiff's state law claims expressly incorporate the same allegations in support of Plaintiff's federal claims and thus, are based on the same facts, events, transactions, and concurrences as to form part of the same case and controversy. (Compl., Ex. A., ¶¶ 23, 30, 33, 37, 41, 50, 56, 64, 70, 79.) Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims.

15. Based on the foregoing, Defendant hereby removes this civil action on the basis that this Court has federal question jurisdiction and supplemental jurisdiction. Having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of Los Angeles to this honorable District Court.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

# VI.

# NOTICE TO PLAINTIFF AND STATE COURT

16. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Thomas H. Schelly, Lipeles Law Group, APC, 880 Apollo St., Suite 336, El Segundo, CA 90245 and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

Dated: March_31, 2017

D. CHAD ANDERTON
ERICA P. HERCZEG
LITTLER MENDELSON, P.C.
Attorneys for Defendant, VELOCIFY, INC.

Firmwide:146722958.1 089797.1000

5.